IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTURO I. MARIANO GUTIERREZ,**<br><br>Petitioner,<br><br>v.<br><br>**LEONARD ODDO** in their official capacity as Warden of the Moshannon Valley Processing Center, **BRIAN MCSHANE** in their official as capacity as Acting Pennsylvania Field Office Director for U.S. Immigration and Customs Enforcement and for Enforcement and Removal Operations, **MARCOS CHARLES** in his official capacity as acting Executive Associate Director, Enforcement and Removal Operations, **TODD M. LYONS** in his official capacity as Acting Director Immigration and Customs Enforcement, **MARKWAYNE MULLIN** in his official capacity as Secretary, U.S. Department of Homeland Security and **TODD BLANCHE** in their official capacity as Attorney General,<br><br>Respondents. | ) | 3:26cv1869<br>**Electronic Filing** |

**MEMORANDUM OPINION**

Arturo I. Mariano Gutierrez ("petitioner") is an immigrant detainee presently held in Moshannon Valley Processing Center. Petitioner is a citizen of Mexico. On July 8, 2014, he entered the country at the Laredo, Texas, Port of Entry as a non-immigrant H2A Temporary Agriculture Worker with authorization to work in the United States for a temporary period not to exceed November 18, 2014. Local law enforcement contacted the Department of Homeland

Security ("respondents") on August 18, 2026, and advised they had stopped a vehicle for various violations. As part of the stop the officer had identified petitioner as a citizen of Mexico who had overstayed his visa. Respondents subsequently detained petitioner. On that same date removal proceedings were commenced against him as a nonimmigrant who had overstayed his lawful admission status and as an admitted alien who was deportable. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending among other things that his detention is in violation of the Due Process Clause because he has not been given an opportunity to challenge it; he meets the requirements for bail pending the resolution of his immigration proceedings; he has not been informed of the basis for his detention; and his arrest and detention were not based on an individualized assessment as required under 8 U.S.C. § 1357(A)(2).

The government maintains that petitioner "is lawfully detained pursuant to 8 U.S.C. § 1226(a)." Gov. Response in Opposition (Doc. No. 6) at p. 1. It notes that petitioner is permitted by statue to request a bond hearing, but he has not done so. Further, the process that is available to petitioner has been recognized as "meaningful" and held to be constitutionally adequate in Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018). So from the government's perspective, petitioner's failure to exhaust his administrative remedies before filing in this court warrants denial of the writ; and any challenge to the process available to petitioner is foreclosed by Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018).

The court's jurisdiction pursuant to a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is narrow. "The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings." Bystron v. Hoover, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001)). In this regard "a habeas petition under §

2241 is the proper vehicle for an inmate to challenge the fact or length of confinement, or the execution of his confinement." Id. (internal quotation marks and citations omitted). Consistent with this authority, a district court "may issue a writ of habeas corpus when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." Id. (internal quotation marks omitted); 28 U.S.C. § 2241(c)(3). So the court can only grant relief and issue a Section 2241 writ where the petitioner sufficiently has demonstrated that he or she is held in violation of the Constitution or laws of the United States.

Petitioner has not made such a showing. He has not advanced any grounds to believe he is being held in custody pursuant to 8 U.S.C. 1225(b)(2) and/or the Department of Homeland Security's recent efforts to enforce the Executive Orders of April of 2025. To the contrary, he does not dispute that he entered the United States under a temporary work visa requiring his departure on November 18, 2014. He offers no evidence to illustrate a change in status that has allowed him to "live[] in the United States since 2018." Petition for Writ (Doc. No. 1) at 2-3.

Moreover, petitioner has not demonstrated that his administrative remedies have been exhausted or he should otherwise be excused from doing so. Although Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. Cf. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.") (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (*per curiam*); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir.1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987)); see also Callwood v. Enos, 230 F.3d 627, 643 (3d Cir. 2000) ("Although there is no

statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241.”).

Because the statute does not require administrative exhaustion, satisfaction of it is not mandatory in this context, but prudential; and it may be excused in certain situations. Gonzales v. Oddo, et al., 2026WL797423 (W.D. Pa. March 23, 2026) (Kelly, M.J.) (citing Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), report and recommendation adopted, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017)). One well recognized basis for excusing exhaustion is where it would be futile for the petitioner to pursue such relief. Id. (citing Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir. 2003) ("where exhaustion is not clearly mandated by statute, a futility exception exists."). Another is where the issues presented are matters exclusively involving statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012).

Here, the record shows that petitioner has been detained pursuant to a Form I-200 Warrant for Arrest of Alien issued pursuant to 8 U.S.C. § 1226(a). It also shows petitioner was served with a Form I-286 Notice of Custody Determination that accompanied his arrest. Petitioner signed the form, but did not complete the section of the Notice wherein he could request a custody redetermination before an immigration judge. And petitioner does not claim to have requested a bond hearing.

Given this backdrop, there can be no dispute that as an admitted alien petitioner's detention is governed by 8 U.S.C. § 1226(a). Further, there is no evidence that respondents have denied petitioner the ability to seek a custody redetermination pursuant to the longstanding regulations and practices governing such hearings. Consequently, the court cannot say that

petitioner's need to exhaust his administrative remedies should be excused or pursuing them would be futile.

What's more, petitioner's failure to exhaust administrative remedies gives rise to a more fundamental defect in his petition. That is, he has not shown that he is being held in violation of the Constitution or laws of the United States. He has not shown he is being held pursuant to an illegal policy and his detention has been relatively short at this juncture. As a result, the current record does not supply a basis for issuing the writ petitioner seeks. Consequently, the petition for writ of habeas corpus will be denied and the case will be dismissed.

Date: October 19, 2026

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: David Lew, AUSA

(*Via CM/ECF Electronic Mail*)

Arturo I. Mariano Gutierrez
A222566434
Moshannon Valley Processing Center
Legal Mail – Open in Presence of Detainee
555 Geo Drive
Philipsburg, PA 16866

(*Via First Class Mail*)